UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Civil Action No. 21-78-HRW

N.R., a minor, by and through
her parent, MIKEY RATLIFF,
and LEVI NEWSOM,                                                          PLAINTIFFS,


v.                           **MEMORANDUM OPINION AND ORDER**


**PIKE COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION;
MR. REED ADKINS, In his individual capacity
and in his official capacity as
Superintendent of the Pike County School District;
STEPHANY LOWE,
SHANE HURLEY,
JIMMY DEWAYNE ABSHIRE,
REXEL NEE JACKSON III and
IRELAND BLANKENSHIP, n their individual capacities
and in their capacities as members of the Pike County
School District Board of Education,**                                    **DEFENDANTS.**


This matter is before the Court upon Plaintiff N.R., a minor, by and though her parent Mikey Ratliff and Levi Newsom *pro se* Motion for Temporary Restraining Order [Docket No. 3] and Defendants' Motion to Dismiss [Docket No. 9]. For the reasons set forth herein, Plaintiff's motion will be overruled, and Defendants' motion will be sustained.

I.

Beginning in July 2021, the Pike County School District ("PCSD") issued its "Plan for Safe Return to In Person Instruction." [Docket No. 1-6]. The plan included requiring "masks for all students and staff riding buses in school buildings regardless of their vaccination status." *Id*.

1

The plan underwent various modifications but consistently included a mask mandate for students and staff in Pike County School District buildings. [Docket No. 1-7,8,9,10 and 11]. The On September 20, 2021, the following mandate was issued by the PCSD:

> The Pike County School District Masking Protocol: When the COVID-19 Incidence Rate map for Pike County is in the red or orange, masks will be required for all staff and students over the age of two, as well as all visitors entering the school building. This also applies to indoor sports activities. When the Incidence Rate map is in the yellow or green for 3 or more consecutive days, masking is encouraged/recommended but will be optional.

[Docket No. 1-12].

However, on February 18, 2022, Assistant Superintendent Freddie Bowling issued a directive to all staff within the Pike County School District that beginning on Wednesday, February 23, 2022, masking would be recommended but would be **optional** at all schools and facilities across our district. [Docket No. 15-1].

On March 1, 2022, Assistant Superintendent Bowling issued another communication to all staff advising that masks will likewise be optional on all Pike County School buses. [Docket No. 15-2].

In sum, there is currently no mask mandate with regard to Pike County School District facilities or buses.

## II.

As alleged in the Motion for Temporary Restraining Order, Plaintiff N.R. is a minor child who resides in Pike County, Kentucky and at all times relevant to this civil action attended a public school within the Pike County School District. As such, the mask policy applies to her.

Plaintiff Levi Newson, who is identified in the Complaint as "an adult who is a resident and taxpayer in Pike County, Kentucky," [Docket No. 1, ¶ 3], alleges that he emailed the

2

"Defendants" informing them that he and Mikey Ratliff, the parent of N.R., would be filing a lawsuit against the PCSD, seeking a temporary restraining order, unless the mask mandate was not rescinded by "close of business on October 4, 2021."[1] [Docket No. 3, p. 6].

On October 13, 2021, Plaintiffs filed a *pro se* Complaint and a Motion for Temporary Restraining Order ("TRO"), requesting that this Court vacate the Defendants' mask mandate. They allege that the PCSD's mask mandate violates their procedural and substantive due process rights under both the United States' and Kentucky's Constitutions. At its core, the Plaintiffs' Complaint and Motion for TRO claim that masks are ineffective against Covid-19 and actually increase risks for adverse effects.

### III.

On October 19, 2021, Plaintiffs filed a Motion to Modify their Motion for TRO, in order to serve Defendants with subpoenas and allow the Defendants time to respond to their motion. [Docket No. 7].

The next entry in the Court's Docket is Defendants' Waiver of Service of Summons which sets forth the parties' agreement that Defendants' response to the Complaint and Motion for TRO will be filed "within 60 days [of] November 17, 2021." [Docket No. 8].

In accordance with the agreement, on January 11, 2022, Defendants filed a Motion to Dismiss [Docket No. 9] as well as Response to the Motion for TRO [Docket No. 10].

Plaintiffs sought an extension of time in which to respond which was sustained and Plaintiffs filed their response on March 1, 2022 [Docket Nos. 11, 12, and 13]. Thereafter, Defendants submitted a Reply [Docket No. 15].

---

[1] The date of this missive is unclear. Although in the Motion for Temporary Restraining Order, Plaintiffs allege Newsom emailed the "Defendants" in September, a letter attached to the Complaint of the same substance is dated October 1, 2021. [Docket No. 1-13].

3

### IV.

Plaintiff fails to state a claim upon which relief may be granted. Fed.R.Civ.Proc. 12(b)(6). As there is no longer any kind of mask mandate in either the facilities or the buses of the Pike County School District, Plaintiff's claim is moot and is subject to dismissal.

### V.

Nor has Plaintiff properly plead the need for injunctive relief. Temporary restraining orders and preliminary injunctions are "extraordinary and drastic remed[ies], . . . never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 690- 91 (2008) (internal citations omitted). The standards governing both remedies are necessarily high.

When ruling on a motion for a temporary restraining order or preliminary injunction, courts must consider and balance the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Am. Civil Liberties Union Fund of Mich. v. Livingston Cty.*, 796 F.3d 636, 642 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1246 (2016) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818–19 (6th Cir. 2012)).

The Court finds that Plaintiffs have not satisfied their burden.

As of the date this matter was fully briefed, there was no mask mandate in the facilities or buses of the Defendant school district. As such, Plaintiff is not only unlikely to succeed on the merits of their claim but assured the opposite; their claims are moot.

Moreover, Plaintiffs have not demonstrated any injury by the prior mandate. Indeed, Plaintiffs have not even alleged any personal harm N.R. suffered or will likely suffer. The only

allegations pertaining to N.R. are that she attends a school within the PCSD and has to wear a mask. Absent are allegations that she suffered from a decrease in oxygen or blood pressure issues. Nor are there allegations of any physical harm or emotional detriment. In seeking a TRO, Plaintiffs rely almost exclusively upon an affidavit of a third party -Stephen E. Petty.[2] However, his affidavit is couched in terms of speculation – the *possible* risks, which *may* happen. This is simply not enough upon which to base injunctive relief.

Without any allegations of harm, Plaintiffs cannot argue, much less establish *irreparable* harm, which is the cornerstone of injunctive relief.

## IV.

Accordingly, **IT IS HEREBY ORDERED**:

1) Plaintiffs' Motion for Temporary Restraining Order [Docket No. 3] is **OVERRULED**; and

2) Defendants' Motion to Dismiss [Docket No. 9] be **SUSTAINED**;

3) This matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

This 17th day of March 2022.



Signed By:
<u>Henry R Wilhoit Jr.</u>
**United States District Judge**

---

[2] Notably, Petty's affidavit has been considered and rejected in this Circuit in cases which are virtually identical to the case before this Court. *See P.M. by & Through Maras v. Mayfield City Sch. Dist. Bd. of Educ.*, 2021 WL 4148719, at *3 (N.D. Ohio Sept. 13, 2021)( "Mr. Petty's testimony primarily relates to the effectiveness of masks, rather than their potential health risks.); *accord, K.B. by & Through Borders v. Calloway County School District*, 2021 WL 4888850 (W.D. Ky. October 19, 2021) and *Lewandowski v. Southgate Community School Board*, 2022 WL 125536 (E.D. Mich., January 12, 2022).